UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 8:05-CR-475-T-27TGW

**THOMAS F. SPELLISSY**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Amended Petition for Writ of Error *Coram Nobis* (Dkt. 246) and the Government's Response in Opposition (Dkt. 247). Upon consideration, Defendant's Amended Petition for Writ of Error *Coram Nobis* (Dkt. 246) is DENIED.

The writ of error *coram nobis* is an extraordinary remedy of last resort and available only in "compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Relief is appropriate only where there are factual errors "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

Defendant contends that a fundamental error of fact and law resulted in the issuance of the search warrant on his residence, the seizure of incriminating emails, and ultimately his conviction for conspiring to defraud the United States and to commit bribery and wire fraud. Specifically, Defendant contends that the Magistrate Judge who issued the search warrant, this Court, and the Eleventh Circuit Court of Appeals erroneously found that he retired from the U.S. Army on July 31, 2004 when in fact, his retirement was not effective until December 31, 2004. He contends that this

1

constituted fundamental error because the search warrant was upheld based on probable cause that he violated 18 USC § 207(a)(2), which prohibits a former officer, for two years after termination of the officer's service or employment, from representing a contractor before the Department of Defense with respect to a particular matter which the officer knows or should have known was pending before the officer during the last year of service. Specifically, Defendant contends that his representation of NAMMO, a foreign arms contractor in late 2004 occurred before his retirement on December 31, 2004, and therefore § 207(a)(2) was inapplicable.

In support of this contention, Defendant relies on the determination of the Federal Court of Claims (and the argument advanced by the United States) that he remained on active duty until his effective retirement on December 31, 2004, at which time he was terminated from active duty.[1] In those proceedings, Defendant unsuccessfully sought restoration of his military retirement pay which he lost as a result of his criminal conviction.

There was no factual misunderstanding by this Court of Defendant's military status in late 2004. The Order denying Defendant's pretrial suppression motion accurately summarized Defendant's employment status with the Army, based on the testimony and evidence introduced during the hearing, a recitation that was entirely consistent with the determination of the Federal Court of Claims. Accordingly, there was no factual error, let alone fundamental factual error.

---

[1] Defendant's contention contradicts the position he urged in his pretrial Motion to Suppress. There, Defendant argued that he relinquished his procurement authority with the military on July 30, 2004, and "gave up his office with it." (Dkt. 21, p. 6). Essentially, Defendant contended that he retired when he gave up his procurement authority. In support of this contention, he pointed out that his retirement ceremony in late August, 2004 was attended by "almost the entire command" and submitted his Certificate of Retirement identifying a retirement date of August 31, 2004. (Dkt. 21-5; Exh. 4 to Motion to Suppress). He explained that he was on terminal leave until December 31, 2004, defining terminal leave as "a combination of sick days and accrued vacation leave where an officer is paid but *is actually retired.*" (Id., p. 6)(emphasis added). In this regard, Defendant urged during the hearing on his motion that the affiant, Calvert, mislead the Magistrate Judge by not disclosing that Defendant left active service on July 31, 2004. Relying on the decision of the Federal Court of Claims, he now contends that he remained on active duty until December 31, 2004.

In it Order, this Court observed that it was undisputed that on July 31, 2004, Defendant was succeeded as PEO-SP for SOCOM, and thereby relinquished all procurement authority to Captain Huss. Further, relying on Defendant's Certificate of Retirement which memorialized a retirement date of August 31, 2004, the Order expressly recited: "As of August 2004, Spellissy effectively retired from the Army. From then until December 31, 2004, Spellissy was on "terminal leave," using up accrued leave. His official military capacity had ceased" (Dkt. 44, p. 5-6). Defendant places too much emphasis on this Court's phrase "effectively retired." It was clearly understood that Defendant's official retirement date was December 31, 2004. In sum, there was no factual error in describing Defendant's status with the Army between July 2004 and December 31, 2004.[2]

Resolution of Defendant's petition turns, therefore, not on whether there was a fundamental factual error but on whether his status with the Army when he represented NAMMO supported a finding of probable cause. At first blush, Defendant's argument would appear to have merit, since he was not actually terminated from the Army until December 31, 2004 and the focus of this Court's probable cause inquiry was on his pre-retirement representation of NAMMO in late 2004.[3] However, on closer examination, Defendant's argument lacks merit, for two reasons.

First, although his representation of NAMMO began before his official retirement, according to the affidavit submitted to the Magistrate Judge in support of the search warrant application, Defendant represented NAMMO before *and* after he officially retired, thereby supporting the

---

[2] Accordingly, the Government's references to his retirement during opening statement and closing argument did not render the trial invalid or so fundamentally irregular that relief by way of writ of *coram nobis* is warranted.

[3] In the Order denying the suppression motion, this Court found that "there was probable cause to believe Spellissy represented NAMMO during the meeting concerning the 70 mm rocket warhead with the government in Norway, he had reason to know that the 70mm rocket warhead listed in Dr. Uhler's procurement letter was a NAMMO product and that it had been a matter under his official responsibility as PEO-SP during May 2004, contrary to the prohibitions in 18 U.S.C. § 207(a)." (Dkt. 44, p. 13).

3

probable determination that he violated § 207(a)(2). (Dkt. 21-2, p. 3)("... subsequent to retirement, Spellissy continued to represent NAMMO's interest to the U.S. Department of Defense" and "attended a meeting between representatives of the Government and NAMMO" on January 12, 2005).

Second, although this Court's probable cause determination expressly referenced § 207(a)(2), an alternative probable cause basis existed in the record based on Special Agent Calvert's affidavit. Significantly, the probable cause affidavit was not limited to a violation of § 207(a)(2). As the Government correctly points out, Calvert's affidavit averred that there was probable cause that Defendant's employment activities prior to and after his retirement violated three distinct statutory proscriptions. Specifically, Agent Calvert cited 18 U.S.C. §§ 207(b) and 208(a) in addition to § 207(a) (Dkt. 21-2, ¶ 3). Each of these statutory provisions restricts the employment activities of current and former officers and employees of the United States.

Although probable cause for issuance of the search warrant was upheld by this Court based on a probable violation of 18 U.S.C. § 207(a)(2) by Defendant, the affidavit included sufficient factual averments supporting probable cause for a violation of § 207(a)(1) as well. Specifically, Agent Calvert averred that Defendant, as PEO-SP, was instrumental in the submission of SOCOM's letter requesting approval of the purchase of the NAMMO 70 mm rocket warhead. (Dkt. 21-2, p. 2-3).

Section 207(a)(1) permanently prohibits former officers and employees "after the termination of his or her service or employment" from representing contractors before a department of the United States in connection with a matter in which the officer "personally and substantially" participated in as an officer or employee. Considering Defendant's procurement authority as PEO-SP, his review

4

of the request as PEO-SP before its submission could constitute a personal and substantial participation in the procurement request for purposes of whether probable cause existed that he violated § 207(a)(1). His representation of NAMMO with regard to the 70mm rocket warhead after his official retirement therefore implicated § 207(a)(1).

Additionally, Defendant's involvement with and representation of NAMMO regarding its 70mm rocket warhead implicated 18 U.S.C. § 208(a), since Calvert's factual averments indicated that Defendant not only anticipated representing NAMMO after he left the service, but he in fact represented NAMMO in Norway in late 2004, before his official retirement. Although Defendant sought and received permission to represent NAMMO *after* he retired with respect to certain armament projects in which he was not involved, that authority did *not* include NAMMO's 70 mm rocket warhead. Nor did it authorize him to represent NAMMO before December 31, 2004. His representation of NAMMO in late 2004 concerning its 70mm rocket warhead therefore implicated § 208(a) as well, since he had a financial interest in the matter and undisputedly had an arrangement concerning prospective employment with NAMMO at the time.[4]

In sum, there is an evidentiary basis in the record supporting probable cause for violations of either § 207(a)(2), § 207(b), or § 208(a), or all three. For purposes of *coram nobis* review, therefore, no fundamental error exists. That this Court focused only on § 207(a)(2) in its Order denying Defendant's suppression motion does not render the search warrant invalid. Borrowing from appellate jurisprudence, in the context of the ruling on Defendant's Motion to Suppress, the

---

[4] The Government urges an additional, plausible reason supporting probable cause that Defendant violated § 207(a)(2) when he represented NAMMO in Norway in late 2004: "The Government was not required to prove that Spellissy had been 'actively discharged' from the military to establish that, in July 2004, he had terminated his employment as Program Executive Officer for Special Programs ('PEO-SP') as Special Operations Command . . . ." (Dkt. 246, p. 8-9).

result will be affirmed "for any reason supported by the record, even if not relied on by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012)(quoting *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)).

Lastly, Defendant's claim of "newly discovered evidence" is untimely under Rule 33, Fed. R. Crim. P. In any event, the "newly discovered" evidence Defendant relies on is not evidence at all, let alone newly discovered. Defendant's employment status with the military was known to him at the time he was arrested. And the statutes and Federal Court of Claims ruling on which he relies do not constitute evidence.

## Conclusion

Defendant has not demonstrated "compelling circumstances" necessary to achieve justice or fundamental factual errors that render these proceedings "irregular and invalid." Accordingly, Defendant's *pro se* Amended Petition for Writ of Error *Coram Nobis* (Dkt. 246) is DENIED.

**DONE AND ORDERED** this 15th day of August, 2012.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, *pro se*
Counsel of Record

6